Versión para imprimir



EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re | 2011 TSPR 190 |
|---|---|
| | 183 DPR ____ |
| Rafael A. Asencio Márquez | |

Número del Caso: TS 12,122

Fecha: 8 de diciembre de 2011

Abogado de la Parte Peticionaria:

        Por derecho propio

Oficina de Inspección de Notarías:

        Lcda. Lourdes Quintana Llorens
        Directora

Materia: Conducta Profesional- La suspensión será efectiva el 14 de diciembre de 2011 fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In Re:

Rafael A. Asencio Márquez                    TS-12,122


PER CURIAM

San Juan, Puerto Rico, a 8 de diciembre de 2011.

Una vez más nos vemos en la obligación de imponer acciones disciplinarias a un miembro de la profesión por su incumplimiento reiterado con las órdenes de este Tribunal.

Por las razones que expondremos a continuación, ordenamos la suspensión inmediata e indefinida del Lcdo. Rafael A. Asencio Márquez del ejercicio de la abogacía.

I

El licenciado Asencio Márquez fue admitido al ejercicio de la abogacía el 21 de enero de 1998 y de la notaría el 2 de diciembre del mismo año.

El 26 de agosto de 2009 el letrado fue suspendido del ejercicio de la abogacía y la notaría por no comparecer ante este Tribunal ni satisfacer su deuda por concepto de fianza notarial. Véase, In re Asencio Márquez, 176 D.P.R. 598 (2009). Posteriormente, el 8 de octubre de 2009 este Tribunal reinstaló al licenciado Asencio Márquez al ejercicio de la abogacía y se le apercibió que en el futuro debía cumplir con las órdenes de este Tribunal y satisfacer a tiempo el importe de su fianza notarial. No obstante, en cuanto a la solicitud que el togado hiciera para ser reinstalado a la práctica de la notaría ordenamos a la Directora de la Oficina de Inspección de Notarías (O.D.I.N.) que informara el estado de la obra notarial incautada. Véase, In re Asencio Márquez, 177 D.P.R. 60 (2009).

En cumplimiento a lo ordenado, O.D.I.N. presentó el 30 de octubre de 2009 su *Informe sobre estado de obra incautada* indicando un sinnúmero de deficiencias en la obra notarial del licenciado Asencio Márquez. Entre las insuficiencias señaladas se encuentran la falta de encuadernación de protocolos para el 2003 al 2009; la omisión del índice del protocolo, nota de cierre, foliación, firma, signo, rúbrica y sello de notario, nota de saca, sellos de Rentas Internas, sello de Impuesto Notarial, sello de la Sociedad para Asistencia Legal y la estampilla de Asistencia Legal en el Registro de Testimonios. Además, se indicó que existen espacios y páginas completas en blanco con las iniciales de los

otorgantes, instrumentos públicos desaparecidos y el que se adeuda múltiples índices notariales.

Ante el referido informe, este Tribunal emitió el 3 de noviembre de 2009 una resolución ordenando al licenciado Asencio Márquez corregir en el término de 30 días las deficiencias informadas por O.D.I.N.

El letrado solicitó prórrogas para cumplir con lo ordenado el 3 de diciembre de 2009, el 29 de enero de 2010, el 28 de mayo de 2010, el 2 de julio de 2010, el 16 de septiembre de 2010 y el 11 de enero de 2011. Al así hacerlo, en síntesis expuso que no ha sido su intención incumplir con lo ordenado pero su condición de salud y escasos recursos económicos le han impedido corregir el restante de las deficiencias.

En todas las ocasiones mencionadas, este Tribunal concedió la oportunidad al licenciado Asencio Márquez para cumplir con lo ordenado desde el 2009 y subsanar su obra notarial. Ello se desprende de nuestras resoluciones del 15 de enero de 2010, 21 de mayo de 2010, 9 de julio de 2010 y 29 de octubre de 2010.[1] Advertimos al letrado que debía efectuar las correcciones y cumplir con los señalamientos de O.D.I.N. Además, le apercibimos que su incumplimiento podría llevar serias sanciones

---

[1] La resolución del 21 de mayo de 2010 se notificó personalmente al licenciado Asencio Márquez y le concedía un término **final** de 20 días para subsanar la obra notarial. Asimismo, la resolución del 9 de julio de 2010 advertía al letrado que debía cumplir con lo ordenado en un término final y perentorio de 60 días.

disciplinarias incluyendo la suspensión indefinida de la profesión.

A pesar de nuestras múltiples órdenes, y de algunas gestiones del licenciado Asencio Márquez, subsisten una gran cantidad de las deficiencias en su obra notarial según fuera informado por O.D.I.N. el 30 de abril de 2010 y del 5 de octubre de 2010.

Así las cosas, este Tribunal emitió una resolución el 4 de febrero de 2011 concediendo al togado un **término final** de 30 días para subsanar las faltas notariales.

Por su parte, el 11 de febrero de 2011, O.D.I.N. informó a esta Curia el cumplimiento con la subsanación de ciertas deficiencias y la cancelación de parte de los aranceles adeudados. Asimismo, señaló que el letrado no ha comparecido para cumplir con la orden de este Tribunal a pesar de las múltiples gestiones a tales efectos. Tampoco ha informado las diligencias que haya realizado o que se encuentra realizando para corregir la obra notarial.

Ante este cuadro fáctico, emitimos el 15 de abril de 2011 una resolución en la que ordenamos al licenciado Asencio Márquez cumplir de **inmediato** con los requerimientos de O.D.I.N. La misma fue notificada personalmente al letrado. Además, le ordenamos mostrar causa en el término de 20 días por la cual no debíamos suspenderlo de manera inmediata por sus omisiones. Apercibimos al abogado que su omisión a cumplir con lo ordenado conllevaría la suspensión inmediata de la profesión. A pesar de ello, el 11 de mayo de 2011 O.D.I.N.

informó el incumplimiento del licenciado Asencio Márquez con lo ordenado.

En exceso a los términos concedidos, el 6 de junio de 2011 el letrado comparece y, otra vez, solicita excusas a este Tribunal por su dilación. Nuevamente, aduce al quebrantamiento de salud de su esposa y al suyo propio en un intento de justificar su desobediencia. No obstante, no explicó por qué razón no informó previamente sobre dichas situaciones.

A pesar de la desidia demostrada, este Tribunal el 24 de junio de 2011 concedió una nueva oportunidad al licenciado Asencio Márquez para que en diez (10) días informara el resultado de las gestiones realizadas y subsanara las faltas notariales. Ésta orden fue notificada al licenciado a través de la Oficina de Alguaciles. En esta ocasión, le advertimos que no se concederían prórrogas y que la persistencia de las deficiencias sin subsanarse conllevaría la separación inmediata de la profesión.

O.D.I.N. compareció ante este Tribunal el 11 de agosto de 2011 para informar que a esa fecha el licenciado Asencio Márquez no había cumplido con lo ordenado ni se había comunicado. Examinado el expediente surge que el togado ha incumplido con lo ordenado.

## II

El Canon 9 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, C. 9, requiere que todo abogado observe una conducta de respeto y diligencia hacia los tribunales. Es

la obligación de todo letrado responder diligente y oportunamente a los requerimientos y órdenes de este Tribunal, particularmente aquellos relacionados con los procedimientos disciplinarios sobre su conducta profesional. In re Fidalgo Córdova, res. 13 de octubre de 2011, 2011 T.S.P.R. 164, 183 D.P.R.___; In re Fontán la Fontaine, res. 22 de septiembre de 2011, 2011 T.S.P.R. 140, 182 D.P.R.___; In re García Incera, 177 D.P.R. 329 (2009). El incumplimiento con nuestras órdenes y la indiferencia a nuestros apercibimientos sobre sanciones disciplinarias constituyen causas suficientes para la suspensión inmediata de los abogados. In re Toro Soto, res. 8 de abril de 2011, 2011 T.S.P.R. 91, 181 D.P.R.___(2011); In re Martínez Sotomayor, res. 3 de marzo de 2011, 2011 T.S.P.R. 32, 181 D.P.R.___; In re Tió Fernández, 178 D.P.R. 681, 682-683 (2010); In re López de Victoria Brás, 177 D.P.R. 888, 891 (2010). Reiteradamente, este Tribunal ha sido enfático al indicar que desatender nuestros dictámenes constituye un serio agravio a la autoridad de los tribunales e infringe el Canon 9. In re Bonilla Montalvo, res. 21 de octubre de 2011, 2011 T.S.P.R. 159, 183 D.P.R.___; In re Fidalgo Córdova, supra; In re Fontanéz Fontanéz, res. 31 de marzo de 2011, 2011 T.S.P.R. 63, 181 D.P.R.___; In re García Incera, supra.

Constantemente encaramos situaciones en las cuales un sinnúmero de abogados incumplen con las órdenes de este Tribunal y de los organismos a los cuales encomendamos la tarea de investigar las posibles violaciones a las normas

que rigen nuestra profesión. Ante esta situación hemos afirmado que ningún notario puede asumir una actitud pasiva y descansar en que O.D.I.N. lo contactará para verificar si se corrigen adecuadamente las deficiencias señaladas. Apartarse de cumplir con los deberes que imponen la ley y el ordenamiento ético constituye una conducta que acarrea sanción disciplinaria. In re Arroyo Rivera, res. 31 de agosto de 2011, 2011 T.S.P.R. 130, 182 D.P.R.___.

Este Tribunal no flaqueará en suspender a los togados que demuestren un reiterado incumplimiento con los términos finales y perentorios impuestos para cumplir con nuestras órdenes. El hecho de que esta Curia esté en disposición de conceder prórrogas para lograr el cumplimiento con nuestras órdenes en aras de corregir deficiencias al ejercicio de la profesión legal no impide nuestra función disciplinaria. Tampoco exonera al letrado de las consecuencias de las violaciones éticas que incurra ante nuestro Foro. Bajo ningún concepto, este Tribunal está vedado de auscultar si procede la suspensión de un miembro de nuestra profesión ante un trámite que demuestra un cúmulo de acciones dirigidas a dilatar y entorpecer los procedimientos en contravención al Canon 9.

III

En el caso que nos ocupa, el licenciado Asencio Márquez debía subsanar las deficiencias de su obra notarial informadas por O.D.I.N. según le fuera ordenado mediante la resolución del 3 de noviembre de 2009.

El licenciado Asencio Márquez compareció en múltiples ocasiones para solicitar prórroga y cumplir con lo ordenado. Este Tribunal concedió las prórrogas solicitadas advirtiendo al letrado que su incumplimiento sería óbice para sanciones disciplinarias que incluirían su suspensión del ejercicio de la abogacía. Sin embargo, y en claro detrimento a nuestras directrices, el licenciado Asencio Márquez incumplió con los términos dispuestos en nuestras órdenes.

El cúmulo de mociones presentadas por el licenciado Asencio Márquez demuestra la dejadez y una actitud indiferente en cumplir con nuestros requerimientos y los de O.D.I.N. Este Tribunal concedió al letrado siete (7) oportunidades y dos años para corregir su obra notarial. Al día de hoy no ha subsanado las deficiencias señaladas. Tampoco ha informado las gestiones realizadas para subsanar las mismas. Ello a pesar de que le hemos advertido que su inobservancia conllevaría la separación inmediata de la profesión.

Los hechos antes relatados reflejan una falta de diligencia inexcusable y un alto grado de indiferencia ante este Tribunal. No podemos justificar esta actitud contumaz. La conducta del licenciado Asencio Márquez es reflejo de su falta de interés e imposibilidad de ejercer la profesión de la abogacía.

Por todo ello, ordenamos la suspensión inmediata e indefinida del Lcdo. Rafael A. Asencio Márquez de la práctica de la abogacía. Éste deberá notificar a todos sus

clientes su inhabilidad para continuar con su representación y deberá devolver a estos los expedientes de los casos pendientes así como los honorarios recibidos por trabajos no rendidos. Además, tiene el deber de informar oportunamente de su suspensión a los foros judiciales y administrativos. Estas gestiones deberán certificarse a este Tribunal dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Nada de lo aquí dispuesto releva al licenciado Asencio Márquez de subsanar su obra notarial según le fuera ordenado desde el 3 de noviembre de 2009.

Notifíquese personalmente esta Opinión *Per Curiam* al Lcdo. Rafael A. Asencio Márquez por la Oficina del Alguacil de este Tribunal.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In Re:

Rafael A. Asencio Márquez                TS-12,122

SENTENCIA

San Juan, Puerto Rico, a 8 de diciembre de 2011.

Por las razones expuestas en la Opinión Per Curiam que antecede, la cual se hace formar parte de la presente Sentencia, se ordena la suspensión inmediata e indefinida del Lcdo. Rafael A. Asencio Márquez de la práctica de la abogacía. Éste deberá notificar a todos sus clientes su inhabilidad para continuar con su representación y deberá devolver a estos los expedientes de los casos pendientes así como los honorarios recibidos por trabajos no rendidos. Además, tiene el deber de informar oportunamente de su suspensión a los foros judiciales y administrativos. Estas gestiones deberán certificarse a este Tribunal dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Nada de lo aquí dispuesto releva al licenciado Asencio Márquez de subsanar su obra notarial según le fuera ordenado desde el 3 de noviembre de 2009.

Notifíquese personalmente esta Opinión *Per Curiam* al Lcdo. Rafael A. Asencio Márquez por la Oficina del Alguacil de este Tribunal.

        Lo  pronunció,  manda  el  Tribunal  y  certifica  la
Secretaria del Tribunal Supremo.


                              Aida Ileana Oquendo Graulau
                              Secretaria del Tribunal Supremo